## Catlin Coal Company v. Henry Lloyd.

1. EXCAVATIONS—*extent of liability for.* The owner of the surface of land can only recover damages up to the time of suit arising from the failure of one mining beneath such surface sufficiently to support the same.

Action on the case. Appeal from the Circuit Court of Vermilion County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1905. Affirmed upon *remittitur.* Opinion filed February 1, 1906. *Remittitur* filed and judgment affirmed February 19, 1906.

H. M. STEELY, for appellant.

F. K. DUNN and J. F. LAWRENCE, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case by appellee, the owner of the surface of certain land in Vermilion county, against appellant, the owner of the coal thereunder, for removing the coal without leaving sufficient support for the surface, by reason whereof a part of the surface of the land sank down, to the damage of appellee. The cause has been twice tried by jury. The first trial resulted in a judgment against appellant for $6,000, which, upon an appeal to this court, was reversed and the cause remanded. Upon a second trial appellee recovered a judgment for $2,000, to reverse which this appeal is taken.

The facts involved will be found in the former opinion of this court (119 App., 122). It will be seen that the Circuit Court on the former trial not only permitted the plain-

tiff to prove that part of the surface had sunk but that in the opinion of the witnesses, more of the land would subside as a result of the coal already taken out without leaving sufficient support, and instructed the jury to allow damages not only for the subsidences which had occurred but for those which would occur thereafter.

Upon appeal this court held that the appellant in removing the coal should have left sufficient support to maintain the surface in its natural state; that failing to do so the plaintiff could recover the damages occasioned by such subsidences as had occurred before suit was brought but not for such as might thereafter occur; and that therefore the Circuit Court erred in admitting evidence as to probable future subsidences, in instructing the jury to allow damages for such prospective subsidences, and in refusing to instruct the jury that the plaintiff could only recover for subsidences which had already taken place.

It is conceded that the Circuit Court upon the second trial was concluded by the principles and rules of law announced in the opinion of this court on the former appeal and that the points and questions then considered, cannot now be reconsidered by us.

Appellant insists that the Circuit Court erred in disregarding the decision of this court in regard to the admission of evidence in its instructions given and refused, and that the damages are excessive.

Upon the present trial the defendant stipulated that it had mined the coal under the portion of the surface of plaintiff's land in both places where the same had sunk. In this state of the record the sole duty of the jury was to ascertain the actual damages that had accrued to the plaintiff by reason of the sinking that had already occurred, and in so doing they had no right to consider the probability or possibility of the future sinking of other portions of the surface. The plaintiff, nevertheless, sought to introduce evidence as to the extent of the underground workings of defendant under the surface of his land and the manner in which the same had been conducted. Upon objections by defendant to such

character of evidence the court properly sustained the same, but at the same time improperly announced in the presence of the jury that he disagreed with the views of this court upon the question as announced in its opinion in the case. The judge, however, later reversed his ruling and announced that he would not follow said opinion, and permitted the plaintiff, over the objections of defendant, to show the extent of the mining operations under the surface of such lands as had not sunk, the manner in which such work had been conducted, and also admitted in evidence a map showing the extent of the underground workings under said lands.

This was clearly error and tended to induce the jury to believe that it gave them the right to consider not only the existing depressions or sinkings, but such as were likely to occur in the future by reason of the operations of defendant. That they were so misled is apparent from the size of the verdict returned. While a number of witnesses testified that in their respective opinions the lands were depreciated by reason of the admitted "sinkings" to an amount which would warrant the amount of the verdict, it is obvious from their testimony upon cross-examination that they were influenced by the hypothesis that other portions of the surface would sink at some future time. Under any other theory the verdict and judgment are manifestly grossly excessive.

In our former opinion, which is of binding authority in this cause, it was held that for the damages occasioned from subsidences of such parts of the land as had taken place at the time this suit was commenced, the appellee could, in this action, recover, but not for such as might thereafter occur, and that in determining the amount of damages the fact that appellant had operated under other portions of the surface was not proper to be considered and should have been altogether ignored.

The 15th, 16th and 17th instructions offered by appellant told the jury that in assessing damages they were to consider and treat the "sinks" that had occurred as the only ones that ever had or ever would occur upon plaintiff's land.

We think these instructions were in accordance with the views formerly expressed by this court and were therefore improperly refused.

Upon this basis it is manifest that the only damages which appellee can recover in this action are those occasioned by the depreciation in value of such portions of the surface of his land as were actually caused to sink by the wrongful acts of appellant. We are satisfied from the evidence that the sum of $500 would be amply sufficient to fill and drain with tile the two depressions of which complaint is made, and that appellee is entitled to recover as damages that sum only.

If appellee shall within 20 days from the date of filing this opinion, remit all damages in excess of $500, the judgment of the Circuit Court will be affirmed to that extent. Otherwise the judgment must be reversed and the cause remanded for another trial.

*Affirmed with remittitur.*

*Remittitur* filed and judgment affirmed February 19, 1906.